UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bruce A. Lundeen,

Plaintiff,

v.

City of Minneapolis,

Defendant.

Case No. 24-CV-04360 (JRT-DTS)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF MINNEAPOLIS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

## INTRODUCTION

Defendant respectfully moves the Court for Judgment on the Pleadings dismissing Plaintiff's complaint in this matter with prejudice. As explained below, even under the slightly-more liberal pleadings standards applicable to *pro se* plaintiffs, Plaintiff's complaint fails to state a claim against Defendant.

## FACTS ALLEGED IN THE COMPLAINT

Plaintiff's complaint is entitled, "Request to Reconvene and Complaint, Case 0:19-cv-03115-DSD-BRT, dismissed without prejudice:". (Doc. 4.) It is unclear whether Plaintiff's document is a new complaint or some sort of request to re-open Case No. 0:19-cv-03115. That case was brought against the City of Minneapolis and Minneapolis Veterans Affairs Health Care, and was voluntarily dismissed in 2020 after the City brought a motion to dismiss. (Case No. 19-cv-03115, Doc. 40.) Because Plaintiff filed his

document as a new matter, Defendant treats it as a new complaint and therefore brings this motion for judgment on the pleadings.

A majority of Plaintiff's "complaint" contains allegations against Methodist Hospital, concerning treatment that Plaintiff received while visiting the emergency room there, and the fall-out therefrom. (*Id.*, ¶ 7, 11-33.) Other paragraphs contain allegations regarding Plaintiff's personal background, including personal relationships and his employment history. (*Id.*, ¶ 34-37, 40, 42-43.) Certain paragraphs contain generalized allegations of misconduct relating to the Minneapolis Police Department, but none specific to Plaintiff. (*Id.*, ¶ 41, 45, 47-48.)

Approximately 4 paragraphs allege that Plaintiff has been "targeted," the subject of "odd experiences," and the subject of "daily insults and petty crimes." (*Id.*, ¶ 4, 38-39, 46.) None of these paragraphs contain specific allegations against the City or the Minneapolis Police Department, however.

## STANDARD OF REVIEW

### I. Standard as to Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved, and the moving party is entitled to judgment as a matter of law. *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013); Fed. R. Civ. P. 12(c). A motion for judgment on the

pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The distinction between a motion pursuant to Rule 12(c) and a motion pursuant to 12(b)(6) is "purely formal." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). "A Rule 12(c) motion may assert the defense of failure to state a claim upon which relief can be granted." *Id.* In reviewing a motion for judgment on the pleadings, the Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Branden v. Wal-Mart Store, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Generally, the Court should accept as true the factual allegations of the complaint and grants a plaintiff all reasonable inferences from the pleadings. *Noble Sys. Corp. v. Alorica Central, L.L.C.*, 543 F.3d 978, 981 (8th Cir. 2008). However, it cannot defer to any legal conclusions or formulaic recitations of the claims' elements. *Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.*, 641 F.3d 1023, 1027 (8th Cir. 2011).

Here, Plaintiff is proceeding pro se. Courts liberally construe pro se complaints and hold pro se litigants "to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (*quoting Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). However, pro se litigants must still "allege sufficient facts to support the claims advanced." *Gerstner v. Sebig*, LLC, 386 F. App'x 573, 575 (8th Cir. 2010); *see Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995)

(holding that a pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability"). In *Stone v. Harry*, the Eighth Circuit clarified the meaning of "liberal construction."

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.

364 F.3d 912, 915 (8th Cir. 2004). A court is not required to "mine a [lengthy] complaint searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (internal quotations and citation omitted).

## **ARGUMENT**

Federal Rule of Civil Procedure 8(a)(2) mandates that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "demands more than an unadorned, the-defendant lawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 555). A complaint may not tender mere "naked assertion[s]" devoid off "further factual enhancement." *Twombly*, 550 U.S. at 557. To avoid dismissal under Rule 12(b)(6), a complaint must allege a set of facts which, if proven true, would entitle the plaintiff to some legal redress against the named

defendants under some established legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Under *Twombly*, a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level." 550 U.S. at 555. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Further, a complaint cannot simply "leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561. Rather, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Here, Plaintiff's complaint fails to allege a factual basis that would support claims against the City. As noted above, Plaintiff's complaint primarily contains allegations relating to his visit to Methodist Hospital. Other allegations relate to personal relationships or his employment history. Still other allegations merely repeat complaints that others have made against the Minneapolis Police Department. A few paragraphs do allege generally that Plaintiff has been "targeted' or subject to "daily insults and petty crimes," but these paragraphs contain no specific about these incidents or that anyone associated with the City was responsible. Further, the

Complaint does not connect any of these generalized allegations to any specific claims that Plaintiff might have against the City. Accordingly, the Complaint falls woefully short of satisfying the pleadings standards set by the Federal Rules of Civil Procedure, *Iqbal, Twombly*, and their progeny, even to the extent those standards might be lessened for pro se litigants.

## CONCLUSION

For these reasons and all others, Defendant respectfully requests that the Court grant its motion for judgment on the pleadings, and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

Dated: January 30, 2025

KRISTYN ANDERSON
City Attorney
By

*/s/ Mark Enslin*
MARK ENSLIN (#0338813)
Assistant City Attorney
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN 55415
(612) 430-8310
mark.enslin@minneapolismn.gov

*Attorneys for Defendant*