UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruce A. Lundeen,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

Case No. 24-CV-04360 (JRT/DTS)

**DEFENDANT CITY OF MINNEAPOLIS RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION**

Defendant City of Minneapolis for its responses to Plaintiff's Requests for Admission ("Requests"), state and allege as follows:

## GENERAL OBJECTIONS

1. Defendant responds to Plaintiff's requests as specifically provided in Federal Rules of Civil Procedure 26 and 36 and the Local Rules.

2. Defendant objects to Plaintiff's requests to the extent they seek information or documents protected from discovery by work product doctrine, the attorney client privilege or any other privilege or protection.

3. Defendant objects to Plaintiff's requests to the extent that they assume, imply or require legal conclusions.

4. Defendant objects to Plaintiff's requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, or harassing, or that seek to require that Defendant undertake an unreasonable investigation.

5. In providing this response to Plaintiff's requests, Defendant does not in any manner waive or intend to waive, but rather is preserving and intend to preserve:

a. All objections relating to competency, relevancy, materiality, privilege and admissibility;

b. All rights to object on any ground to the use, the response hearing or information provided pursuant hereto in any subsequent proceedings including the trial of this or any other action;

c. All objections relating to vagueness and ambiguity;

d. All rights to object to any ground to any further discovery requests involving or related to these requests; and

e. All rights to supplement and/or amend this response based on the recollections or persons presently and available or based upon the discovery of additional documents or evidence subsequent to the date of Defendant' responses to these requests.

6. These objections and answers are based on information currently known. Defendant may have not yet completed their investigation of the facts related to this action and may not have yet completed discovery or preparation for trial. Therefore, Defendant reserve the right to amend, modify or supplement their objections and answers as necessary in accordance with the Federal Rules of Civil Procedure, local rules, and/or applicable order of the Court.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1:** It appears Dr. Greenberg's credentials were used to gain access to me while I was in the Methodist Hospital Emergency Ward on July 29,

2024. It seems "on duty" Methodist Hospital physicians and nurses were replaced as my care team by Dr. Greenberg, a young man and possibly a young woman.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 2:** Upon leaving the triage area of the Emergency Ward, a teenager pushing my wheelchair determined that a room change was necessary. In room A1 the teenager assisted me in changing into a hospital gown. Then a young man came into the room.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 3:** During the treatment, the young man gave me a fourth, undocumented intravenous injection. He immediately took me out into the Emergency Ward aisle outside the room and asked me to walk. I could not;

hospital security cameras recorded this event. Giving me this medication is not reported in the Methodist Hospital Emergency Ward AFTER VISIT SUMMARY.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 4:** My ailment was immediately diagnosed as sciatica by other physicians and I have suffered a sciatica event once before.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 5:** The hospital's AFTER VISIT SUMMARY, signed by Dr. Greenberg, states that I should return if there is a "numbness between your legs". "Numbness between your legs" is not a symptom of sciatica.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information

to admit this Request. To the extent Request No. 5 refers to a written document, that written document speaks for itself. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 6:** MRI images done by Rayus Radiology confirm lumbar spine problems consistent with sciatica.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 7:** About an hour later, immediately before discharge from the hospital, Dr. Greenberg came info my Emergency Ward room. This was the only time I saw her. I suspect Dr. Greenberg knows the identity and employer of the young man who injected the serum into my arm using a syringe.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

**REQUEST NO. 8:** Two weeks later, I suffered kidney stones and, about a month later, prostate problems.

**RESPONSE:** The City objects to this Request on the basis that it is an improper request for admission as it relates to information that is outside the scope of the City's personal knowledge. Defendant does not have sufficient information to admit this Request. On this basis, Defendant denies the request and holds Plaintiff to his strict burden of proof.

Dated: April 2, 2025

KRISTYN ANDERSON
City Attorney
By /s/ *Mark S. Enslin*
MARK S. ENSLIN (#0338813)
Assistant City Attorney
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 430-8310
mark.enslin@minneapolismn.gov

*Attorneys for Defendant*