UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bruce A. Lundeen Case No. 24-CV-04360 (JRT/DTS)

Plaintiff,

v. **RULE 26(f) Report**

ORIGINAL

City of Minneapolis,

Defendant.

---

The parties/counsel idenytified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on February 6, 2025, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for February 18, 2025, before the United States Magistrate Judge David T. Schultz in Room 9E, of the U.S. Courthouse in, Minneapolis, Minnesota. The parties request that the pretrial be held by telephone.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims

~~With duplicitous intent, an individual whose identity and employer is unknown entered the Emergency Ward and assaulted a patient with an undocumented injection.~~

(2) Concise factual summary of defendant's claims/defenses:

Defendant denies that Plaintiff has factually or legally asserted a claim against Defendant. Defendant has moved to dismiss Plaintiff's complaint.

(3) Statement of jurisdiction (including statutory citations):

(4) Summary of factual stipulations or agreements:

None.

(5) Statement of whether a jury trial has been timely demanded by any party:

 Attachment #1

Plaintiff: No jury trial. Defendant demands a jury trial.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The Defendant does not agree. Plaintiff agrees

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All pleadings have been served.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before May 1, 2025.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by December 1, 2025.

(3) The parties must commence fact discovery procedures in time to be completed by December 1, 2025.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) 20 interrogatories;

(B) 25 document requests;

(C) 5 factual depositions;

(D) 10 requests for admissions;

(E) 2 Rule 35 medical examinations; and

(F) ____________ other.

(d) Expert Discovery.

(1) The parties anticipate that they will not require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling ___2___ (number) experts in the fields of: ________urology & pathology___________________.

(B) The defendant anticipates calling __2____ (number) experts in the fields of: _______rebuttal experts________,

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before _____1 May 2025_______.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before ___1 Dec 2025_________.

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before ___August 1, 2025_______.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before __February 1, 2026________.

(3) All expert discovery must be completed by ______April 1, 2026_______.

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order/report identifying areas of disagreement.

Plaintiff: Protective order for deponent confidentiality,

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties do not believe this case will require substantial exchange of ESI.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as

required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties will include specific language in their proposed protective order.

(4) The parties:

X agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by May 1, 2025.

(2) Motions seeking to amend the pleadings must be filed and served by May 1, 2025.

(3) All other non-dispositive motions must be filed and served by January 12, 2026.

(4) All dispositive motions must be filed and served by January 12, 2026.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after July 1, 2026.

(2) The parties propose that the final pretrial conference be held on or before June 1, 2026.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

The Defendant is self-insured.

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

I, the plaintiff, do not know what the damages to my body are at this time

(2) The parties propose that a settlement conference be scheduled to take place before December 1, 2025.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: Settlement conference following the close of discovery.

(j) Trial by Magistrate Judge.

The parties disagree to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Defendant does not agree. Plaintiff:Agrees to trial by Magistrate Judge

*DATE: _February 11, 2025* ____*/s/ Bruce A. Lundeen*

Bruce A. Lundeen
*Pro Se*

Dated: February 11, 2025

KRISTYN ANDERSON
City Attorney
By

*/s/ Mark Enslin*
MARK ENSLIN (#0338813)
Assistant City Attorney
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN 55415
(612) 430-8310
mark.enslin@minneapolismn.gov

*Attorneys for Defendant*