UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRUCE A. LUNDEEN, | |
| Plaintiff, | Civil No. 24-4360 (JRT/DTS) |
| v. | |
| CITY OF MINNEAPOLIS, | MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |
| Defendant. | |

---

Bruce A. Lundeen, 2628 Stevens Avenue, Minneapolis, MN 55408, *pro se* Plaintiff.

Mark S. Enslin, **CITY OF MINNEAPOLIS – ATTORNEY'S OFFICE**, City Hall, Room 210, 350 South Fifth Street, Minneapolis, MN 55415, for Defendant.

While Plaintiff Bruce Lundeen was a patient at Methodist Hospital, a mysterious young man gave him an injection that was never recorded on his medical chart. (Compl. ¶¶ 10, 19, Dec. 3, 2024, Docket No. 1.) Lundeen isn't sure who. But his theory is that the man worked for the Minneapolis Police Department. (*Id.* ¶¶ 10, 18–20.) Lundeen alleges he later developed kidney stones from this undocumented injection. (*Id.* ¶¶ 19, 26.)

Lundeen brings this action against the City of Minneapolis, though his Complaint articulates no claims nor a prayer for relief. (*See generally id.*)[1]  Defendant City of

---

[1] Lundeen's Complaint articulates a great many things, including a rough biography of his life.  But only a small portion relates to the injection he asserts is the heart of his claim.

Minneapolis moves for judgment on the pleadings and for dismissal of this action with prejudice. (Def.'s Mot. J. Pleadings, Jan. 30, 2025, Docket No. 11.)

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a). Though the Court must construe a pro se complaint liberally, it need not do Lundeen's work for him. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Even drawing all inferences in Lundeen's favor, his Complaint states no claim upon which relief may be granted, and the Court will not search the pleadings to manufacture a claim

on Lundeen's behalf.[2] Accordingly, the Court will grant the City of Minneapolis's Motion for Judgment on the Pleadings, dismiss the Complaint with prejudice, and deny Lundeen's application to proceed in forma pauperis as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings [Docket No. 11] is **GRANTED**;

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**; and

3. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 20] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 13, 2025  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge

---

[2] The Court's Scheduling Order gave Lundeen until May 1, 2025, to amend his pleadings. (Scheduling Order, Feb. 24, 2025, Docket No. 24.) That deadline has now passed. On April 30, 2025, Lundeen filed a "Motion to Rename Defendants." (Mot. Rename Defs., Docket No. 33.) He failed to sign that motion and therefore withdrew it and asked to refile. He has not refiled. Still, even if the Court were to consider it as properly and timely filed, that motion, construed liberally, does not cure the deficiencies identified in this Order, as it still states no claim nor a demand for relief.