UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruce A. Lundeen

Plaintiff,

v.

City of Minneapolis,

Defendant.

Case No. 24-CV-04306 (JRT/DTS)

**CITY OF MINNEAPOLIS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER/AMEND/CORRECT JUDGMENT**

## ARGUMENT

Plaintiff commenced this action against the City of Minneapolis in December 2024, and the City moved for Judgment on the Pleadings in January 2025. On May 13, 2025, the Court issued an Order granting the City's Motion for Judgment on the Pleadings and dismissing Plaintiff's complaint with prejudice. (Doc. No. 39-40.)

On May 22, 2025, Plaintiff filed a document which is listed as a Motion to Alter/Amend/Correct Judgment in the ECF filing system, but which he entitled, "Motion to Follow the Scheduling Order or Open a New Trial." (Doc. No. 41.) In this document, Plaintiff requests to add the United States Marshall Service as a new defendant. (*Id.*, p. 1.) Plaintiff appears to allege that an unnamed "Deputy United States Marshall" is the person who gave him the injection at issue. (*Id.*) Plaintiff's new filing does not appear to contain any new allegations related to the

City of Minneapolis; indeed, it appears to absolve the City as Plaintiff now alleges he believes other third parties were responsible for the underlying conduct at issue.

In any event, the City opposes Plaintiff's Motion to the extent it would re-open this matter against the City. Rule 60(b) does "not give courts unlimited authority to fashion relief as they deem appropriate." *Doe v. Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). Rather, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). The propriety of Rule 60(b) relief is committed to the trial court's discretion. *See Design Classics, Inc. v. Westphal (In re Design Classics, Inc.)*, 788 F.2d 1384, 1386 (8th Cir. 1986).

Here, Plaintiff has not shown any exceptional circumstances. As an additional hurdle for Plaintiff, the Scheduling Order in this matter was issued on February 24, 2025. (Doc. No. 24.) The Scheduling Order provided Plaintiff until May 1, 2025 to join additional parties or amend the pleadings. (*Id.*) As the Court noted in its Order granting the City's Motion for Judgment on the Pleadings, Plaintiff did not properly file a motion to amend pleadings or add any new parties by that deadline. (Doc. No. 39, fn. 2.) Accordingly, Plaintiff would not only need to show "exceptional circumstances" sufficient to satisfy Rule 60(b), but also "good cause" sufficient to justify his disregard of the Scheduling Order.

In sum, Plaintiff's Motion however styled should be denied. As the Court has already determined, Plaintiff has not asserted sufficient allegations against the City. Nothing in Plaintiff's new Motion changes that.

Respectfully submitted,

Dated: May 23, 2025

KRISTYN ANDERSON
City Attorney
By

/s/ Mark Enslin
MARK ENSLIN (#0338813)
Assistant City Attorney
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN 55415
(612) 430-8310
mark.enslin@minneapolismn.gov

*Attorneys for Defendant*